**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**JUDY A. ROBBINS**
**UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN**
**TRIAL ATTORNEY**
**615 E. Houston, Rm. 533**
**San Antonio, TX 78205**
**Telephone: (210) 472-4640**
**Fax: (210) 472-4649**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SAVIR PROPERTIES & INVESTMENTS, INC., | § § | CASE NO. 17-30350-HCM CHAPTER 11 |
| | § § | No Hearing Date Requested |
| DEBTOR | § | |

## MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE, OR, IN THE ALTERNATIVE, DISMISS CASE

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE:

JUDY A. ROBBINS, THE UNITED STATES TRUSTEE for Region 7 ("UST"), moves for an order dismissing the case pursuant to 11 U.S.C. § 1112(b) because the debtor has not filed any monthly operating reports, has not provided documents requested by the UST, and has not paid any quarterly fees owed to the UST under 28

U.S.C. § 1930(a)(6). Without the operating reports, the Court, creditors, and the UST can have no idea whether the debtor is paying its debts as they come due or whether the debtor is generating sufficient cash to fund a plan of reorganization. In support of this motion, the UST represents as follows:

**I.     Background**

1.     On March 6, 2017, the debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code. The debtor operates two self-storage facilities.

2.     On its Schedules filed in this case, the debtor asserts that it owned two pieces of real property worth $2.5 million. The debtor assets that its cash and other personal property were worth $10,929.00 as of the filing date.

3.     The debtor asserted on Schedule D that it owed $1,037,902.24 to AimBank secured by the real properties and $57,812.65 to the Ector County Appraisal District for property taxes. On its Schedule E/F, the debtor asserts that it owed $1,127.58 in unsecured debts, which included debt to the IRS. The IRS has filed a proof of claim for $28,072.00, all of which appears to be estimated amounts for unfiled returns.

3.     Shortly after the case was filed, the analyst in the UST's office contacted the debtor, through counsel, and requested the debtor provide certain documents and attend an initial debtor conference. No debtor representative appeared for the initial debtor conference. In addition, the debtor failed to provide various documents requested by the UST, including tax returns for 2015 and 2016, financial statements (balance sheet and income statement) for 2016 and 2017, and a 90 day budget.

4. Daniel Rivas, the debtor's representative, did appear at the meeting of creditors on April 13, 2017, but provided none of the requested documents, except an incomplete 90-day budget. The UST concluded the meeting with the understanding that within one week the debtor would amend the petition to show it was a small business, file the documents required under section 1116 of the Bankruptcy Code, including the debtor's most recent financial statements, amend Schedule A/B to include the amount of its accounts receivable, and provide the UST with a completed 90 day budget. The debtor also agreed to provide the 2015 and 2016 tax returns as soon as they were filed and agreed to provide the UST with proof of opening its debtor-in-possession bank account.

5. Nearly two months later and more than three months into the case, the debtor still has provided none of this information to the UST.

6. During this case before confirmation, the debtor is required to file monthly operating reports by the 21st of each month for the previous month. Fed. R. Bankr. P. 2015(a)(6). The reports provide financial information about the debtor's operations during the case. The debtor should have already filed monthly operating reports for March 6 to March 31, 2017, and April 2017. It has not.

7. Chapter 11 debtors are also required to pay quarterly fees to the UST for each quarter they are in chapter 11. The debtor's quarterly fee for first quarter 2017 was due by April 30, 2017. The debtor has not made any payments. Because the quarterly fee is based on the amount of the debtor's disbursements each quarter and the debtor has not filed any operating reports, the UST does not know how much the debtor owes.

**II.     The case should be converted to chapter 7 or dismissed.**

8.      Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall convert a case to chapter 7 or dismiss a case, whichever is in the best interest of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the Court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b).

9.      "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Because monthly operating reports are the means by which the creditors, the Court, and the United States Trustee can monitor a debtor's post-petition operations, the failure to timely file its monthly operating reports by itself constitutes sufficient cause to warrant conversion of the case to chapter 7 or dismissal of this chapter 11 case. 11 U.S.C. § 1112(b)(4)(F); *Roma Group, Inc. v. Office of the United States Trustee (In re Roma Group, Inc.)*, 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"); *In re Bacon*, 52 B.R. 52, 53-54 (Bankr. N.D. Iowa 1985) (failure to file monthly operating reports is sufficient "cause" to warrant dismissal of chapter 11 case because "creditors are not being provided the basic financial data necessary to make decisions regarding their best interests").

10.     Because the debtor has not filed any operating reports, the Court, the UST, and creditors are unable to determine if the debtor has a reasonable likelihood of

rehabilitation or if there has been a continuing loss to or diminution of the estate. Without operating reports, the Court, the UST, and any creditors cannot know whether the debtor is paying its obligations as they come due post-petition or whether the debtor is accruing administrative expenses. Furthermore, the Court, the UST, and creditors cannot know whether the debtor is generating sufficient positive cash flow to fund a plan out of future earnings. Therefore, cause exists to dismiss the case or convert the case to chapter 7. 11 U.S.C. § 1112(b)(4)(F).

11. In addition, the debtor's failure to appear at the initial debtor conference, or provide a 90-day budget, financial statements, or other documents requested by the UST provides cause to convert the case to chapter 7 or dismiss the case. 11 U.S.C. § 1112(b)(4)(H). Likewise, the debtor's failure to timely pay all quarterly fees owed to the UST also constitutes cause to dismiss the case or convert the case to chapter 7. 11 U.S.C. § 1112(b)(4)(K).

12. The UST recommends the case be converted to chapter 7. The debtor appears to have sufficient equity in its real property that a trustee could sell the properties to pay all creditors in full plus interest. The case should only be dismissed if the debtor provides evidence that it can and will pay all unsecured creditors immediately after dismissal. The UST requests that any order dismissing the case provide for payment of all quarterly fees owed to the UST under 28 U.S.C. § 1930.

WHEREFORE, for the reasons stated above, the UST prays that the Court enter an order converting the case to chapter 7, or, in the alternative, dismissing this case and for any and all further relief as is equitable and just.

>
> Respectfully submitted,
>
> JUDY A. ROBBINS
> UNITED STATES TRUSTEE
> REGION 7
>
> By: /s/Kevin M. Epstein
>   Kevin M. Epstein
>   Trial Attorney
>   Texas Bar No. 00790647
>   615 E. Houston St., Room 533
>   San Antonio, TX 78205
>   (210) 472-4640
>   (210) 472-4649 Fax
>   E-mail: kevin.m.epstein@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISS CASE was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List on this the 9th day of June 2017.

>
> /s/ Kevin M. Epstein
> Kevin M. Epstein
> Trial Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 17-30350-hcm<br>Western District of Texas<br>El Paso<br>Thu Jun  8 09:12:33 CDT 2017 | Savir Properties & Investments, Inc.<br>1405 Glenwood<br>Odessa, TX 79761-2906 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| AIM Bank<br>1111 W. Wall Street<br>Midland, Texas 79701-6617 | AimBank<br>1111 W. Wall Street<br>Midland, Texas 79701-6617 | Ambit Energy<br>P.O. Box 660462<br>Dallas, TX 75266-0462 |
| Cable One<br>P.O. Box 78000<br>Phoenix, AZ 85062-8000 | City of Odessa<br>P.O. Box 2552<br>Odessa, TX 79760-2552 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| David Aelvoet<br>Linebarger, Goggan, Blair<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | Donald Stecker<br>Linebarger, Goggan, Blair<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | Ector CAD<br>1301 E. 8th Street<br>Odessa, TX 79761-4722 |
| Ector CAD<br>c/o Don Stecker<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPER<br>P.O.BOX 7346<br>PHILADELPHIA, PA 19101-7346 | IRS Insolvency Office<br>300 E. 8th St., Mail Stop 5026AUS<br>Austin, TX 78701-3233 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lori M. Ruiz<br>3800 E. 42nd St., Ste. 500<br>Odessa, TX 79762-5959 | OOMA<br>1880 Embarcadero<br>Palo Alto, CA 94303-3308 |
| Si tel ink<br>P.O. Box 19744<br>Raleigh, NC 27619-9744 | Sitelink<br>P.O. Box 19744<br>Raleigh, NC 27619-9744 | United States Attorney<br>Civil Process Clerk - IRS<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216-5512 |
| United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | Corey W. Haugland<br>P.O. Box 1770<br>El Paso, TX 79949-1770 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Comptroller Public Account<br>P.O. Box 149348<br>Austin, TX 78714-9348 | (d)Comptroller Public Account<br>P.O. Box 149348<br>Austin, TX 78714-9348 | Internal Revenue Service<br>P. 0. Box 21126<br>Philadelphia, PA 19114 |

```
(d)Internal Revenue Service
P. O. Box 21126
Philadelphia, PA  19114
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)IRS Insolvency Office                (d)Lori M. Ruiz                      (d)United States Attorney
300 E. 8th St., Mail Stop 5026AUS       3800 E. 42nd St., Ste. 500           Civil Process Clerk - IRS
Austin, TX 78701-3233                   Odessa, TX 79762-5959                601 N.W. Loop 410, Suite 600
                                                                             San Antonio, Texas 78216-5512


(d)United States Trustee                End of Label Matrix
P.O. Box 1539                           Mailable recipients    23
San Antonio, TX 78295-1539              Bypassed recipients     4
                                        Total                  27
```